IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN THE MATTER OF:<br><br>JOSE LIZARDI<br>       Debtor<br><br><br>SUSAN SKELLY- HAND, PATRICK HAND AND RACHEL HAND<br>Movants<br><br>V.<br><br>JOSE LIZARDI<br><br>Respondent | Case No. 15-3076 (MCF)<br>Chapter 11<br><br>Request for modification of the automatic stay |

**MOTION TO REQUEST MODIFICATION OF THE AUTOMATIC STAY**

TO THE HONORABLE COURT:

    COMES NOW creditors Susan Skelly- Hand, Patrick Hand and Rachel Hand **(herein after The Hands)** represented by the undersigned attorney and respectfully set forth and prays as follows:

**INTRODUCTION**

    The Hands file this Motion to request the Court to modify the automatic stay and allows the continuation of the proceedings related to a post judgment litigation regarding the levy of $1.5 million dollars frozen on an account held at Charles Swab. The controversy centralizes on whether the moneys are protected from execution of the judgment pursuant to the provision of the Employee Retirement

Income Security Act "ERISA". The Hands request this relief for "cause", in accordance to section 362(d)(1) of the Bankruptcy Code, 11 U.S.C. § 362(d)(1).

## I. JURISDICTION

1. The Court has jurisdiction over the subject matter pursuant to the provisions of 28 U.S.C. section 1334 and section 157(b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a). This matter is a core proceeding under to 28 U.S.C. §157(b)(2)(G), brought under 11 U.S.C. § 362(d), as well as P.R. LBR 4001-1.

## II. FACTS

2. This is Debtor's second bankruptcy petition. It was filed on April 28, 2015. *See*, Docket No. 1. The meeting of creditors is scheduled for June 1, 2015.

3. Debtor's first bankruptcy petition, identified with the Case No. 12-62352, was filed on December 21, 2012 in the Northern District of New York. The case was dismissed on December 31, 2013 pursuant to 11 U.S.C. § 1112(b)(4)(A). **Exhibit 1**.

4. The US Trustee was requested the dismissal is as much the monthly operating reports filed on case 12-62352 (Northern District of New York) demonstrated Debtor's excessive withdrawals of funds from his bank accounts and transfers from the office account to the personal accounts of the Debtor. The reports also revealed that the Debtor dispersed large sums on account of unexplained personal expenses and owner's draws; and, Debtor failed to explain and document the transactions. *See* ¶12 and 18 of the Trustee's Motion to Dismiss in case 12-062356. (ND New York) **Exhibit 2**.

5. The Hands are creditors in the instant case for the outstanding judgment of $1,152,572.90 dollars, plus statutory interests as of December 2014 of more than $211,000 and continuing at $284.20 per day, against Jose Lizardi (the "Debtor"). Judgment was entered by the Supreme Court in the state of New York, Index number 111075/2003 (Hon. David Demarest) on a medical malpractice lawsuit where the jury granted a judgment in excess of $3,000,000.

6. Debtor listed the debt owed to the Hand's family as unliquidated in the amount of $1, 152,572.90. *See* Schedule F. Docket No. 1.

7. At the time of the filing of the Petition, the litigation in the New York Court, on the determination on whether the $1.5 M held frozen on the Charles Swab account were protected by "ERISA" or were subject to be levied by creditors was at a very advanced stage, several memorandums of law had been submitted for resolution and a final hearing to discuss the applicable law in connection to the evidence found on post judgment discovery was supposed to be held on April 15, 2015, but was cancelled as per Debtor's request. The case was otherwise ready for evidentiary hearing. *See* Memorandums of Law in support of their position and affirmation filed by counsel on the case Index 111075/2003 dated December 3, 2014 and December 18, 2014. **Exhibits 3 and 4;** and the order entered by the court on January 15, 2015, along with several orders issued by the Court scheduling and re-scheduling the fact finding hearing from February 18, 2015 to April 15, 2015 to June 2, 2015. **Exhibit 6**.

8. In summary, the Hands contend that the ERISA protection claimed by Debtor is not applicable since Debtor cancelled the Employer's 401(k) Profit Sharing

Plan and his Defined Pension Plan on December 31, 2013. After cancelling the pension plans Debtor has been transferring monies from its accounts, in order to hinder the execution of the judgment. *See* Reports of Withdrawals notified by Charles Swab in compliance with the court orders **Exhibit 5.**

### III. CAUSE OF ACTION: MODIFICATION OF THE AUTOMATIC STAY

9. The protection of the automatic stay under Section 362(a), although very broad in scope is not unlimited. Section 362 (d) sets forth the grounds for relief from the stay. It provides that the court "shall" grant relief by terminating, annulling, modifying, or conditioning the stay "for cause, including the lack of adequate protection of an interest in property". 3 Collier on Bankruptcy ¶362.07.

10. Section 362(d) of the Bankruptcy Code (the "Code"), 11 U.S.C. §362(d)(1) provides the cause of action for relief from the automatic stay:

> "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
> 1. **For cause**, including the lack of adequate protection of an interest in property of such party in interest; or
> 2. With respect to a stay of an act against property under subsection (a) of this section, if-
> A) The debtor does not have an equity in such property; and
> B) Such property is not necessary to an effective reorganization."

(Emphasis supplied)

11 U.S.C. § 362(d).

11. Although section 362(d)(1) mentions, as a matter of example, lack of adequate protection as a reason for the lifting of the automatic stay, "the use of the word 'cause' suggests an intention that the bases for relief from the stay should be broader than merely lack of adequate protection. "…Relief also may be granted when necessary to permit litigation to be concluded in another forum, particularly when the non-bankruptcy suit involves multiple parties or is ready for trial." 3 Collier on Bankruptcy ¶ 362.07 [3][a] (16th Ed. 2014). *In re Castlerock Properties*, 781 F.2d 159 (9th Cir. 1986).

12. In determining whether to grant relief from the automatic stay so as to permit a party in interest to continue prosecuting a matter in another forum, courts will often rely upon the following factors: 1) whether relief would result in a partial or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether the other proceeding involves the debtor as a fiduciary; 4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of other creditors; 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether the moving party's success in the other proceeding would result in a judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceeding; and 12) impact of the stay on the parties and the balance of the

harms. *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. at 130 (citing *In re Ice Cream Liquidation, Inc.*, 281 B.R. 154, 165 (Bankr. D. Conn. 2002)). See also *In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)(utilizing same factors). All twelve factors are not necessarily present in a particular case, and a court need not rely on any plurality of factors in deciding whether to lift the automatic stay. *In re Mid-Atlantic Handling Sys., LLC*, 304 B.R. at 130 (citing *In re Ice Cream Liquidation, Inc.*, 281 B.R. at 165). *In re Atoo Sakhrani*, 2006 Bankr. LEXIS 4104. (2006)

13. The concept of "cause" is developed primarily by case law. The U.S. District Court for the District of Puerto Rico has applied a 13-factor test, similar to the factors detailed above, to determine if cause exists to lift or modify the automatic stay under § 362(d). The party moving for the automatic stay to be lifted need not prove a plurality of these factors. The courts will generally rely in only a few factors to determine that sufficient cause exists to lift the stay. *In re Rivera Guzman*, 513 B.R. 202 (Bankr. P.R. 2014)

14. In *Rivera, Id.* this court considered that the civil case before the Puerto Rico Court of First Instance was pending for almost an entire year prior to the filing of the bankruptcy petition and concluded that it "will result in partial ... resolution of the issues", will not "prejudice the interest of other creditors and/or interest of the other interested parties" and will promote "judicial economy and the expeditious and economical determination of litigation of the parties".

15. The Hands respectfully submit that the facts of this case complies with several of the factors listed above and weighs favorably towards the

modification of the automatic stay to allow the conclusion of the litigation in the Puerto Rico court:

    a.    Judgment on the New York court case was entered two and a half years ago. The appeal and cross appeal were denied by a judgment entered by the Supreme Court, Appellate Division, Third Department, New York on November 27, 2013. The plaintiffs have been trying to execute the judgment since but issues of dilapidation of assets were encountered even while the Debtor was protected under the provisions of the Bankruptcy Code in his first case. Hence a freeze of accounts held at Charles Swab was ordered by the Court in New York, on a new issue to determined if the amounts deposited were subject to be levied by creditors or were protected by ERISA. The court ordered Charles Swab to notify the Hands of every withdrawal made by the Debtor.

    b.    The continuation of the litigation in the New York court will result in the complete resolution of the pending issues given the advanced stage of the proceedings and the memorandums of law already filed;

    c.    The New York court is the appropriate forum with the knowledge and necessary expertise to consider the process of execution of the judgment entered, the applicability of the ERISA protection over the accounts frozen, and more specifically the issues regarding the ownership of the funds deposited on the accounts; in light of the fact that it has been involved with the issues addressed therein and the facts of said case;

    d.    The continuation of the litigation in the New York court will not prejudice the interests of other creditors. The determination of the New

York will benefit the interests of creditors since it will be two folded: first, it will determine that the amounts frozen are not protected under ERISA, thus subject to be levied by any creditor and; second, will also render the amounts non exempted under Section 522(d)(12) and, available for distribution to the creditors as part of the plan reorganization. In addition, the determination of the New York will entertain the facts regarding Debtor's withdrawals of such funds while considering if he was entitled to clean out such account. The last issue on the funds withdraw from the accounts might also be entertained by this court while considering the disbursements made by Debtor during the two years prior to the filing of the petition.

e. The judgment that will arise from the New York court case will not be subject to equitable subordination or will result in a judicial lien avoidable by the Debtor;

f. The interests of judicial economy and the expeditious resolution of litigation warrant the continuation of the litigation in the New York court, particularly when such forum has been considering the issues raised in the complaint, and the post judgment controversies, for over four years and, memorandums of law were submitted for resolution by the court;

g. The impact of the stay on the Hand's family, and the possibility that the determination will render those funds to be classified as non exempt in this bankruptcy court, outweighs any possible harm upon Debtor.

## CONCLUSION

In light of all of the above, the Hand's family respectfully submits that cause exists to grant relief from the stay for cause in accordance with section

362 (d)(1), and allowing the parties to conclude the litigation in the New York court is in the best interests of the parties.

WHEREFORE, the appearing creditors respectfully request that the Court issue an Order granting the modification of the Automatic Stay as requested.

### NOTICE OF TIME TO RESPOND

Within fourteen (14) calendar days after service as certified below, or such other time as the court may order hereafter, the Debtor shall serve and file an objection or other appropriate response to this motion with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be deemed automatically granted, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interests of justice require otherwise.

### CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to **Carmen Conde Torres** counsel for the Debtor, the US Trustee and to all CM/ECF participants; Debtor, **Jose Lizardi Ortiz** at its address of record, Cond. Surf Side Mansions, Apto. 1105, Carolina, PR 00979**,** Counsel for Debtor and US Trustee were also notified by Certified Mail.

In San Juan, Puerto Rico, this 13 day of May, 2015.

GOLDMAN ANTONETTI & CORDOVA, LLC.
ATTORNEYS FOR CREDITOR,
**Susan Skelly- Hand, Patrick Hand and Rachel Hand**
American International Plaza, 14th Floor
250 Muñoz Rivera Avenue
San Juan, PR 00918
Tel: (787) 759-4213
Fax: (787) 474-2335

*/s/ Solymar Castillo Morales*
Solymar Castillo Morales
USDC-PR #218310
e-mail: scastillo@gaclaw.com