IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: <br><br> JOSE L. LIZARDI <br><br> DEBTOR IN POSSESSION | CASE NO.: 15-03076(MCF) <br><br> CHAPTER 11 |

**DEBTOR'S RESPONSE IN OPPOSITION TO MOTION REQUESTING
MODIFICATION OF THE AUTOMATIC STAY
FILED BY UNSECURED CREDITOR**

**TO THE HONORABLE COURT:**

**COMES NOW,** Jose L. Lizardi (hereinafter, the "Debtor"), through his undersigned attorney, and very respectfully **STATES** and **PRAYS**:

INTRODUCTION

The above-referenced Debtor is a doctor specialized in Obstetrics and Gynecology, and for the twenty-four (24) years, has been dedicated to his profession at Postdam, New York. However, due to several factors, amongst which was his health, Dr. Lizardi retired in December 2013 and moved from Postdam, New York to Puerto Rico, where he has been residing for over one year. During his twenty-four (24) years as a gynecologist, Dr. Lizardi assisted over 7,000 births.

On February 25th, 1996 while covering shifts for one of his colleagues who was on vacations, Dr. Lizardi assisted Ms. Hand in her labor. The baby weighted more than expected and what was supposed to be a normal birth became complicated due to the height and weight of the mother and the weight of the baby. Babies in these cases usually die, but baby Hand was born alive even though one of her arms has a 30% disability, as to its ability to raise her arm. Six years after the baby was born, Dr. Lizardi was a Defendant to a malpractice suit filed by Susan Skelly-

Hand and Patrick Hand, on behalf of Rachel E. Hand, (hereinafter the "Hands" of "Plaintiffs"), in the Northern District of New York. On June 28, 2012 judgment was entered by a jury, against Dr. Lizardi in the total amount of $3,152,572.90. As of this date, more than $2,000,000 have been paid to Plaintiffs and an additional amount of $410,000 has been awarded by the New York State Medical Indemnity Fund. However, they still seek the outstanding balance of their claim in the amount of $742,572.90 from Dr. Lizardi's retirement pension funds at Charles Schwab.

Dr. Lizardi filed a first bankruptcy petition in the Northern District of New York. This petition was dismissed on December 2013. Thereafter Dr. Lizardi tried on multiple occasions to settle the outstanding amount with the Hans. Due to the Hans' rejection of any offer made by Dr. Lizardi; to the high costs that were being incurred in this aggressive **-post judgment-** litigation, and considering that Dr. Lizardi is no longer practicing medicine he had no other option but to file for relief under the provisions of Chapter 11 of the Bankruptcy Code, in Puerto Rico, where he currently resides.

As of this date, The Hands have an unliquidated unsecured claim, with no right to adequate protection. All they want is to continue the **-post judgment-** litigation in the state of New York in order to collect the outstanding amount of the judgment from Dr. Lizardi's retirement funds. The Hands have requested the NY State Court to determine if Debtor's pension funds are or not subject to attachment. Even after this bankruptcy petition was filed, they have continued with litigation in the NY State Court against Dr. Lizardi and have continued harassing the Debtor, including but not limited to harassing his employees in order to be able to collect Dr. Lizardi's pension plan funds[1]. As of this date, the Hans have not been able to provide a shred of evidence

---

[1] The debtor is collecting the information necessary to file a Motion for Violation of the Automatic Stay.

to prove that they have a right to collect from the pension funds, nor they have been able to attach the funds.

## OPPOSITION TO MOTION REQUESTING THE MODIFICATION OF THE STAY

1. On January 28th, 2015, due to the Hand's constant aggressive litigation, the Debtor, in order to reorganize his finances and pay all creditors through a reorganization process, filed for relief under Chapter 11 of the Bankruptcy Code. The §341 Meeting of Creditors is scheduled for June 1st, 2015. *See* Docket No. 7

2. The Debtor has retained as accountants, Mrs. Doris Barroso Vicens, CPA, from the firm of RSM ROC & Company, which Application for Employment has been filed at Docket No. 9.

3. The Debtor has also retained the services of Cesar R. Rosario Vega, Esq., from the firm of Adsuar Muñíz Goyco Seda & Perez Ochoa. Attorney Rosario has been retained for his particular expertise in ERISA, to assist the Debtor and the Court in any matter related to the pension plan and its funds. *See* Docket No 17

4. On May 13th, 2015, the Hands filed a "Motion to Request Modification of the Automatic Stay" whereby it is requested that Debtor's automatic stay be modified, in order to allow for the continuation of the proceedings related to the post-judgment litigation and collect the outstanding amount of their claim from Dr. Lizardi's pension plan funds.

5. As of this date, the Hands have not filed a proof of claim, even though their claim has been classified as unliquidated. The Hans do not want to submit themselves to the jurisdiction of this Honorable Court, but they only want to continue the endless litigation to reach Debtor's retirement pension funds.

6. The Debtor herein opposes to the Hand's request to continue litigation in the state of New York as any determination as to Debtor's pension funds is a core matter to be entertained under the current bankruptcy procedure.

7. Moreover, whether or not Plaintiff's outstanding amount can be paid from Dr. Lizardi's pension fund is a determination that must be made by this Honorable Court.

8. In any event, the allowance of the modification of the automatic stay in order to continue litigation proceedings in New York, will be in detriment to the Debtor and all other creditors. The only party benefiting from this litigation is this unsecured creditor Hand, who has already collected over $2M.

9. The Hands allege in their motion that there is "cause" to allow the modification of the automatic stay because the determination of whether or not the pension funds (which are part of the bankruptcy estate), are protected by the Employee Retirement Income Security Act, or "ERISA", is a determination that must be made by the New York State Court. This is not correct.

10. The Hand's request the modification of the automatic stay for "cause", under Section 362(d)(1) which provides:

> 11 USC §362. Automatic Stay
> (a) [...]
> (b) [...]
> (c) [...]
> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> > (1) *for cause, including the lack of adequate protection of an interest in property of such party in interest;*

11. As cited above, this Section of the Bankruptcy Code provides that the Court may grant relief upon a showing of "cause" including the lack of adequate protection of an interest in property.

12. The allegations made by the Hands, do not comply with the standard required for the granting of their request for the modification of the automatic stay. The Hands have failed to demonstrate that "cause" exists in order for this Honorable Court to grant this remedy.

13. To support their motion the Hands cite the case of In re Castlerock Properties, 781 F2d 163 (9th Cir.1986)[2] which is a case that is in no way related to the case at bar. It is a case related to a contract action, which is subject to state law and to state court jurisdiction. To the contrary, the controversy that is currently pending in the NY State Court is limited to the applicability or not of the federal statute of ERISA.

14. The Hands merely allege that the automatic stay must be modified in order to assert their claim against Debtor's bankruptcy estate, while the bankruptcy case is pending. The modification of the automatic stay in order for the Hands to continue with the state court litigation in New York, would render the automatic stay protection awarded by the Bankruptcy Code, useless.

15. If Dr. Lizardi were obligated to continue with this litigation in the New York State Court, it will necessarily create extreme hardship to him personally, and to the estate. Such hardship clearly outweighs the benefits that this unsecured creditor is trying to obtain from the bankruptcy estate. The Hands have not established that there is true "cause" for the

---

[2] In *Castlerock,* the debtor filed a Chapter 11 proceeding, thereby automatically staying a state court **contract** action involving Castlerock and Piombo. This is not the case. This is not a state law matter, but a controversy limited as to the applicability of a federal statute over Debtor's assets.

allowance of the continuation of the post judgment state court litigation against the Debtor and against the property of the estate.

16. As stated above, the sole controversy that is currently pending before the New York State Court is whether or not Dr. Lizardi's pension funds are protected by the **federal statute** of Employee Retirement Income Security Act, "ERISA". It is Debtor's position that these pension funds are protected by ERISA. However, any determination as to the applicability or not of the **protections afforded by federal law**, must be determined by this Honorable Bankruptcy Court and not by a state court. Moreover, it should be noted that, as of this date, the Plaintiffs have not been able to prove Debtor's pension funds are subject to attachment.

17. Furthermore, the determination as to the applicability of the protections afforded by ERISA to Debtor's pension funds, will have a direct impact over this bankruptcy proceeding, as such funds in any event will be used in full or in part to funds Debtor's Plan of Reorganization. Therefore, such determination must be made by this Honorable Court.

18. As stated before, the Debtor has retained an expert on ERISA in order to property make address any concerns to all parties as to the extent of this federal statute's protection over the pension funds. The Hands have already been provided with the necessary information to make a determination. The Hand's intents are only to harass the Debtor. This is definitely not considered "cause" under Section 362(d)(1) of the Code.

19. It should also be noted that there is no dispute as to the amounts awarded by the jury against the Debtor. There is no "state law" determination to be made at this time. <u>This is not a state court matter.</u> **<u>This is a federal matter.</u>**

20. The Hands further allege that because the New York State Court has already commenced the process of determining the applicability of ERISA, that the Debtor must continue litigation in New York. However, as of this date, the Hands have been unable to provide a shred of evidence of any kind as to demonstrate that the pension funds are not protected by ERISA.

21. To allow the continuation of these endless state court proceedings in New York, away from Debtor's current residence, would necessarily cause Dr. Lizardi to engage in additional and unnecessary expenses in detriment of its bankruptcy estate and in detriment of all creditors in this case. To allow for the continuance of litigation in another forum, would prejudice the interests of the Debtor and all creditors of the estate.

22. The automatic stay is central to the administration of the bankruptcy as it represents "one of the most fundamental debtor protections provided by the bankruptcy laws. In re James, 940 F2d 46 (3d Cir.1991). The outcome of the NY State litigation would directly have an impact on the administration and reorganization of Debtor's estate.

## CONCLUSION

23. Once again, we reinstate that the Hands have failed to comply with the standards of "cause" as required by Section 362(d)(1) of the Bankruptcy Code, for the modification of the automatic stay.

24. To allow the modification of the automatic stay provisions as to allow the continuation of the state court proceedings would be equivalent to the deprivation to the Debtor of the reorganization he seeks.

**WHEREFORE**, the Debtor very respectfully requests that this Honorable Court denies this unsecured creditor's request for the modification of the automatic stay.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 27th day of May, 2015.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date, I have filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification to the CM/ECF participants, registered to receive notice which are detailed below, including the US Trustee.

SOLYMAR CASTILLO MORALES    scastillo@gaclaw.com, jrosado@gaclaw.com
CARMEN D CONDE TORRES    notices@condelaw.com
MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov

                         **C. CONDE & ASSOC.**
                         Attorney for Debtor
                         San Jose Street #254, 5th Floor
                         San Juan, PR 00901-1253
                         Tel: (787) 729-2900
                         Fax: (787) 729-2203
                         *S/Carmen D. Conde Torres*
                         Carmen D. Conde Torres
                         USDC No.: 207312