IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

**IN THE MATTER OF:**

JOSE LIZARDI
     Debtor

Case No. 15-3076 (MCF)
Chapter 11

### OBJECTION TO APPOINTMENT OF SPECIAL COUNSEL
### AS PROVIDES NO BENEFIT TO THE ESTATE

TO THE HONORABLE COURT:

    COMES NOW creditors Susan Skelly- Hand, Patrick Hand and Rachel Hand **(herein after The Hands)** represented by the undersigned attorney and respectfully set forth and prays as follows:

    1. On May 22, 2015 Debtor filed an application for the appointment of a special counsel in Puerto Rico "to provide specialized legal advice on Employee Retirement Income Security Act of 1974 (ERISA), as amended". *See* Docket No. 17.

    2. On May 13, 2015 the appearing creditors filed a motion for modification of the stay (Docket No. 13). The motion explained and provided supporting evidence as to the need to modify the automatic stay in order to allow the New York state court to entertain a final fact finding hearing on a controversy regarding the execution of a torts claim judgment (a post judgment issue). Controversy that the creditors and Debtor have being litigating for the past two and a half years. This execution of judgment controversy deals with the ownership of funds frozen, by an

order of the state court of New York, on certain Charles Swab accounts, after Debtor claimed that such funds were protected under the ERISA provisions, therefore not available to be levied by his creditors; even though his pension plans were cancelled on December 31, 2013.

3. The appearing creditor hereby opposes to the appointment of the special counsel since Debtor has failed to satisfy the legal standard set forth by Section 327(e) of the Bankruptcy Code, 11 U.S.C. *§ 327(e)*, which requires that the Debtor makes a showing that employment of special counsel <u>is in the best interests of the estate</u>.

4. The employment of a special counsel for ERISA within the present bankruptcy context, poses a conflict of interests between the Debtor and the Bankruptcy estate. In this case, Debtor claimed exempted, pursuant to Section 541(b)(7) of the Bankruptcy Code, the funds in question in the state court case in New York[1]; the judge in the New York state's court case already entered and order answering the question on the applicability of the ERISA protection; and, only if the funds were going to be available for distribution to the creditors in this bankruptcy case, will the special counsel advice benefit the estate. However, as per Debtor's position in the case before the New York state court and his claimed exemption in this case, the Special Counsel that debtor now wishes to hire will benefit him, not the estate.

5. It is also important for this court to consider that within the two and a half years of this post- judgment controversy, Debtor – who was always represented by an ERISA specialized counsel- never contested the state court's jurisdiction or

---

[1] See schedules B and C

requested that the ERISA defense presented be solved by a federal court. Debtor consented to the state court's jurisdiction to decide the question under ERISA[2]. In fact, Debtor did not request reconsideration of the judge's determination issued on January 15, 2015.

6. At the time of the filing of the bankruptcy petition, the State Court of New York had already entered an order answering the ERISA question raised by Debtor and had scheduled a final fact finding hearing[3]. In addition, the State Court had already entered orders to third parties to produce evidence that the judge was going to analyze in camera, and subpoenas to Debtor's former employees. The order for the production of information directly to the State Court Judge was due on April 8, 2015- before the filing of the bankruptcy petition. *See* Exhibit 6 to the Motion for Modification of the Automatic Stay at Docket No. 13, and **Exhibit 1** herewith.

7. The pension plans claimed by Debtor, for which an ERISA special counsel is trying to be hired in this bankruptcy case, were terminated when Debtor closed his medical offices in December 31, 2013. *See* Order issued by the State Court of New York on January 15, 2015, **Exhibit 1**. At the petition date, Debtor was not the administrator of a 401-k pension plan or the defined benefit plan held for his employees and for him during the duration of his medical offices. Debtor distributed the funds corresponding to his employees during 2014.

---

[2] Both state and federal courts have the power to determine ERISA status. *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1269 (8th Cir. 1995).
[3] The fact finding hearing was re-scheduled from February 18, 2015 to April 15, 2015 to June 2, 2015 as per Debtor's counsel's requests in New York.

8. Debtor did not list any debt owed to his ex- employees as part of his bankruptcy petition which is supposed to be paid from funds in Debtor's possession. *See* Schedules D, E and F at Docket 1.

9. Any determination pending to be issued- related to the funds in the frozen accounts- will not be related to the administration of pension funds protected by ERISA. The determination pending to be issued by the state court is whether in those frozen funds are moneys held on behalf of other persons and in what amount or, if the funds are solely for the benefit of the Debtor. Thus, Debtor's intention through of a new counsel specialized in ERISA will serves his own benefit. To re-litigate within this bankruptcy process the controversy pending for trial at the New York State Court- under arguments of protection pursuant to ERISA – deeming the funds exempt- will only result on benefit for Debtor and not the estate.

10. The appearing creditors understand that it is the discretion of the bankruptcy judge to decide on whether to continue the proceedings in this forum, but the facts in this case, the judicial economy and the preservation of the assets of the estate may incline the balance to avoid the re-litigation of the issues that are ready for a final determination on the state court of New York.

11. For the past two and a half years Debtor has counsels specialized on ERISA already involved in the state court case, which presented the legal arguments in his favor and was involved in all stages of the discovery in the case. *See* Exhibit 1.

12. This bankruptcy court has already determined, on facts similar to this case, that "[t]he controversy as to the ownership of consigned funds is not core to the bankruptcy proceeding. Even where the action "will drastically affect both the debtor-creditor relationship and the assets of the estate" it cannot be deemed a

bankruptcy proceeding if it arises prior to the Bankruptcy filing." *See In re: Federación de Maestros de Puerto Rico*, 2014 (Bankr. LEXIS 805 (Bankr. D.P.R. May 1, 2014) citing *In re Candelero Sand & Gravel, Inc*. 66 B.R. 903,906 (D.P.R 1986). In this case, the funds were not consigned but were frozen as per the order of the court, in accordance to the New York State laws.

13. To hire a new counsel in Puerto Rico to re-litigate such controversy within this Bankruptcy case is burdensome and provides no benefit to the estate. As such is detrimental to the funds of the estate. Since section 541(b)(7) of the Bankruptcy Code, 11 U.S.C. § 541(b)(7), explicitly excludes ERISA plan assets from a debtor's bankruptcy estate- no benefit is realized for the estate or for the creditors of the bankruptcy estate. In fact, Debtor included the alleged funds as exempted in his schedule B.

14. Even considering that debtor has the right to hire the professionals to represent him, it will be more beneficial for Debtor to continue the state court case with his ERISA counsel in New York, which already briefed the arguments for the Debtor, participated in the whole discovery process and has full knowledge of the case since its inception.

## CONCLUSION

In light of all of the above, the Hand's family respectfully submits that **no benefit to the estate** has been proffered by the Debtor to support the hiring of a special counsel to deal with ERISA issues within this bankruptcy case. His actions prior to the filing of the petition and within the state court case speak to the position that it will not render benefit to the estate.

WHEREFORE, the appearing creditors respectfully request for this Court to deny the appointment of special counsel.

### NOTICE OF TIME TO RESPOND

Within fourteen (14) calendar days after service as certified below, or such other time as the court may order hereafter, the Debtor shall serve and file an objection or other appropriate response to this motion with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be deemed automatically granted, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interests of justice require otherwise.

### CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to **Carmen Conde Torres** counsel for the Debtor, the US Trustee and to all CM/ECF participants.

In San Juan, Puerto Rico, this 12 day of June, 2015.

**GOLDMAN ANTONETTI & CORDOVA, LLC.**
ATTORNEYS FOR CREDITOR,
**Susan Skelly- Hand, Patrick Hand and Rachel Hand**
American International Plaza, 14th Floor
250 Muñoz Rivera Avenue
San Juan, PR 00918
Tel: (787) 759-4213
Fax: (787) 474-2335

*/s/ Solymar Castillo Morales*
Solymar Castillo Morales
USDC-PR #218310
e-mail: scastillo@gaclaw.com