IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>JOSE L. LIZARDI ORTIZ<br><br>DEBTOR IN POSSESSION | CASE NO.: 15-03076 (MCF)<br><br>CHAPTER 11 |

### DEBTOR'S RESPONSE TO US TRUSTEE'S OBJECTION
### TO APPOINTMENT OF ASSOCIATED PENSION CONSULTANTS, INC.,
### AS THIRD-PARTY ADMINISTRATOR OF RETIREMENT PLAN

**TO THE HONORABLE COURT:**

**COMES NOW**, the Debtor in Possession, Jose L. Lizardi Ortiz (hereinafter, the "Debtor"), through its undersigned attorney, and very respectfully **STATES** and **PRAYS**:

1. On June 12th, 2015, the Debtor filed its Application for Employment (the "Application for Employment") of the Associated Pension Consultants, Inc., ("APC") as the third-party administrators of Debtor's retirement pension funds located at Charles Schwab, pursuant to the provisions of §327(a) of the Bankruptcy Code. *See* Docket No. 34.

2. On June 19th, 2015, the US Trustee filed an Objection to Debtor's Application to Employ the Associated Pension Consultants, Inc., based on the fact that this entity holds a debt against Debtor's estate and that such debt: (i) was not disclosed in Debtor's Schedules and (ii) the APC does not comply with the requirements of being "disinterested" pursuant to §327(a) of the Code, as such term is defined in 11 USC §101(14A). *See* Docket No. 37.

3. The fact is that it was of Debtor's impression that no fees for services were owed since the firm usually collects from Debtor's pension funds by itself (with the authorization of the Debtor). It appears to be that due to the fact that the funds were frozen by the Hands, APC

was not able to collect the latest payment incurred in the amount of $11,142.50, -which fact was unknown to the Debtor at the time of the filing of the Schedules.

4. Debtor's Schedules are in the process of being amended, and will include APC's claim in the amount of $11,142.50.

5. APC has recently provided to the undersigned, copy of a contract signed by the Debtor in the year 2008, for their specialized services.

6. Considering that APC's relation to the Debtor has been that of a contractual agreement for the specific services regarding the pension funds, the Debtor will include in the Amended Schedules this contract and will be assuming it.

7. Therefore, the Debtor herein wishes <u>to withdraw</u> the Application for Employment of APC, and consider the assumption of this executory contract under the terms and conditions previously agreed by the parties, pursuant to the provisions of Section 365 (b)(1) of the Bankruptcy Code. *See* 11 USC §365(b).

8. Therefore, pursuant to the US Trustee's objection filed at Docket No. 37, the Debtor herein withdraws the Application for Employment filed at Docket No. 34 and will be amending its Schedules to: (a) to include APC's unsecured debt in the amount of $11,142.50; and (b) to include APC's executory contract for APC's specialized services.

**WHEREFORE**, for the reasons stated above and pursuant to the US Trustee's Objection filed at Docket No. 37, the Debtor herein withdraws, at this time, the Application for Employment of the Associated Pension Consultants filed at Docket No. 34.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 25th day of June, 2015.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing

through the CM/ECF system, which will send notification of such filing to the parties therein registered to receive Notice, which are detailed below, including the US Trustee.

SOLYMAR CASTILLO MORALES    scastillo@gaclaw.com, jrosado@gaclaw.com
CARMEN D CONDE TORRES    notices@condelaw.com
MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov
US TRUSTEE    ustpregion21.hr.ecf@usdoj.gov

**C. CONDE & ASSOC.**
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-Mail: *condecarmen@microjuris.com*
/s/ Carmen D. Conde Torres
Carmen D. Conde Torres
USDC No. 207312
