IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN THE MATTER OF:**<br><br>JOSE LIZARDI<br>    Debtor<br><br>**Susan Skelly- Hand, Patrick Hand and Rachel Hand**<br>Movants | Case No. 15-3076 (ESL)<br>Chapter **11**<br><br>Request for Modification of the Stay |

## MOTION IN COMPLIANCE WITH ORDER

TO THE HONORABLE COURT:

COMES NOW creditors Susan Skelly- Hand, Patrick Hand and Rachel Hand **(herein after The Hands)** represented by the undersigned attorney and respectfully set forth and prays as follows:

1. On May 13, 2015 the appearing creditors filed a motion for modification of the stay (Docket No. 13). The modification was requested in order to allow the Supreme Court of the State of New York, at Sr. Lawrence County, in the case of <u>Susan Skelly Hand, Patrick Hand and Rachel Hand v Jose Lizardi</u>, Index number 111075, to preside a final fact finding hearing on the issue of the ownership of certain funds frozen at a Charles Swab account. Debtor claimed that the funds were protected under the ERISA provisions since distribution has not been completed and belong to his ex employee's, therefore were not available to be levied by his creditors; even though his pension plans were cancelled on December 31, 2013.

2. As discussed in the motion and at the hearing held on September 3, 2015, after several years of litigation in the new York State Court, the jury granted a judgment of $3.2 million in favor of the creditors. The execution of the judgment was stayed for a year by Debtor's filing of his first bankruptcy petition (Case No. 12- 62352 in the Northern District of New York) until the case was dismissed. Then, after extensive discovery about the termination process of the Defined Benefit Plan and the 401-K Plan maintained by Debtor while operating his medical practice, including but not limited to determine the ownership of the funds held on the account; the controversy was ready to be assessed by the State Court when the second bankruptcy petition was filed.

3. On January 15, 2015, Judge Demarest, in charge of the case - Index number 111075, entered an order deciding most of the issues of law and scheduling a final fact finding hearing for February 18, 2015. The hearing was postponed as per Debtor's counsel requests until stayed by the filing of the instant case. Copy of the order entered by Judge Demarest was included as **Exhibit 6** to the Request for Modification of stay at Docket No. 13-17)

4. The issue before the New York Court involves the termination of Debtor's pension plan when Mr. Lizardi closed his medical offices, effective on December 31, 2013; a year and four months before the filing of this petition. Judge Demarest's order of January 15, 2015 specifically concluded: "As noted before, it is unclear on the current record whether the plans are completely terminated or are now applicable solely to the Defendant. A fact finding hearing will be necessary and will commence at 9:30 am on February 18, 2015."

5. After discussing the grounds as to why the modification of the stay was proper, this Honorable Court ordered the appearing creditor to brief the argument on the termination of a pension plan under ERISA as a non core proceeding, affording an additional ground, besides the several *Unanue Factors* applicable to the facts of this case, to grant the relief requested.

### APPLICABLE LAW AND DISCUSSION

Since the determination pending to be issued by the state court of New York is whether in those frozen funds are moneys held on behalf of other persons and in what amount or, if the funds are solely for the benefit of the Debtor. It is a determination on whether the plans are completely terminated or if the only beneficiary is Mr. Lizardi. Therefore, and adjudication, as a matter of law if those funds are subject to be levied by his creditors is not core to the bankruptcy proceeding; it appeared prior to the bankruptcy filing and involves a right independent of and antecedent to the bankruptcy filing. *In re Candalero Sand & Gravel, Inc.,* 66 B.R. 903 (D.P.R.1986).

The issue for which modification of the stay is warranted is strictly under the provisions of ERISA and the New York State Law. Both state and federal courts have the power to determine ERISA status. *Int'l Ass'n of Entrepreneurs of Am. v. Angoff, 58 F.3d 1266, 1269 (8th Cir. 1995).*

In *In re United Airlines Inc.* 337 B.R. 904 (BANKR. N.D. Ill. 2006), where the termination of the Pilots' Defined Benefit plan was at issue, the court discussed the bankruptcy courts' jurisdiction to adjudicate and issue final orders and judgments in matters constituting core proceedings. *See 28 U.S.C. § 157(b)(1)*. Although the statute

does not define "core," *Section 157(b)(2)* sets forth a non-exclusive list of matters that constitute a core proceeding. This non-exclusive list includes "matters concerning the administration of the estate, " *28 U.S.C. § 157(b)(2)(A)*, and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor . . . relationship . . . ." *28 U.S.C. § 157(b)(2)(O)*.

In *United*, 337 B.R. 904, the Court added that a non-core proceeding cannot be reclassified as a core proceeding by simply declaring that the matter either concerns the administration of the estate or affects the liquidation of the assets. *See In re Comdisco Ventures, Inc., 2004 U.S. Dist. LEXIS 11128, 2004 WL 1375353 (N.D. Ill. June 18, 2004)* (*In re Comdisco*). Instead, "a proceeding is core . . . if it invokes a substantive right provided by [T]title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Barnett v. Stern, 909 F.2d 973, 981 (7th Cir. 1990) quoting In re Wood, 825 F.2d 90, 97 (5th Cir. 1987)*.

In slightly different terms, the Seventh Circuit has defined core proceedings as:

> actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law . . . . <u>The fact that it is an *important* right to the bankrupt . . . is irrelevant</u>. *In re U.S. Brass Corp, 110 F.3d 1261, 1268 (7th Cir. 1997)*. (Emphasis added)

Bankruptcy courts may also hear non-core proceedings that are otherwise related to the bankruptcy case. *See 28 U.S.C. § 157(c)(1)*. The bankruptcy court's jurisdiction to hear non-core proceedings is limited. *See In re Hanno, 254 B.R. 732, 738 (N.D. Ill. 2000)*; *In re Markos Gurnee Partnership, 182 B.R. 211, 220 (N.D. Ill. 1995)*. In non-core proceedings,

which are also undefined in the statute, the bankruptcy court may issue findings of fact and conclusions of law but is not empowered to issue final orders unless the parties consent to the bankruptcy court's issuing a final order. *See 28 U.S.C. 157(c)*. The bankruptcy court's findings of fact and conclusions of law are then reviewed *de novo* by the district court. *See 28 U.S.C. 157(c)(1)*.

On the other hand, Title IV of ERISA is the exclusive means of terminating a defined benefit pension plan. *29 U.S.C. § 1341(a)(1)*; *Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 446, 119 S. Ct. 755, 142 L. Ed. 2d 881 (1999),* and termination proceedings may be filed notwithstanding any pending bankruptcy proceeding. *29 U.S.C § 1342(e)*. *In re United Airlines, 337 B.R. 904, 910* (BANKR. N.D. Ill. 2006)

The right to bring the termination proceeding exists outside the Bankruptcy Code and can arise outside the context of a bankruptcy case. *See 29 U.S.C. § 1342(a)*. Accordingly, the termination process neither invokes a substantive right provided by Title 11 nor, by its nature, could it arise only in the context of a bankruptcy case.

In *United*, *337 B.R. 904*, the only party that asserted that the proceeding was a core proceeding, argued that the involuntary termination proceeding was a core proceeding because whether and when the Pilot Plan was terminated affected PBGC's claim that arose once the Pilot Plan was terminated; therefore, the termination proceeding affected the administration of the estate and/or the debtor-creditor relationship. However, the courts have concluded that mere fact that the proceeding may ultimately affect the size of the estate does not mandate that the proceeding is a core proceeding. *See Diamond Mortgage Corp. of Ill. v. Sugar, 913 F.2d 1233, 1239 (7th Cir. 1990),* where the court determined that the district court could have exercised its subject matter jurisdiction over the claim on a

malpractice and breach of contract suit resolution which may have a direct and substantial impact on the asset pool available for distribution to the estate was a non-core proceeding. *In re U.S. Brass, 110 F.3d at 1268-69* the court concluded that the fact that bankrupt party was seeking $ 500 million in insurance coverage that could affect size of estate did not turn state contract law claim relating to the insurance coverage into a core proceeding); *In re Comdisco, 2004 U.S. Dist. LEXIS 11128, 2004 WL 1375353 at 4* the court concluded that claims that might benefit debtor estate that did not constitute a substantive right granted by Title 11 constituted non-core proceedings.

In United, Id. the Court added that, while the termination proceeding may ultimately affect United's bankruptcy case, it does not concern the administration of the estate or involve estate assets within the meaning of *Section 157(b)(2) of the Bankruptcy Code* because plan assets are not part of a bankruptcy estate. *See Patterson v. Shumate, 504 U.S. 753, 760, 112 S. Ct. 2242, 119 L. Ed. 2d 519 (1992).*

In *In re United*, *337 B.R. 904*, the court determined that because the proceeding was a non-core proceeding and the parties did not consent to the Bankruptcy Court's issuing a final judgment, the Bankruptcy Court exceeded its limited jurisdiction by issuing a final judgment instead of submitting proposed findings of fact and conclusions of law to the district court, as required by *Section 157(c)(1).*

In *In re US Brass Corporation*, 110 F. 3d. 1261, 1269 (1997), citing *In re Orion Pictures Corp., 4 F.3d 1095, 1102, (2d Cir. 1993)* the Court noted that the right to complain about a preference is created by the Bankruptcy Code itself, whereas Eljer's claimed right to insurance coverage is a creation of state contract law and one that could be vindicated in an ordinary breach of contract suit if Eljer were not a bankrupt. The fact that it is an

important right to the bankrupt (Eljer claims to be seeking $ 500 million in insurance coverage) is irrelevant. The impact of a claim on the size of the debtor's estate is a criterion of whether a claim is related to the bankruptcy and is therefore a noncore proceeding. *Celotex Corp. v. Edwards, 514 U.S. 300, 115 S. Ct. 1493, 1499 n. 6, 131 L. Ed. 2d 403 (1995)*; *Diamond Mortgage Corp. v. Sugar, 913 F.2d 1233, 1239 (7th Cir. 1990)*; *Home Ins. Co. v. Cooper & Cooper, Ltd., supra, 889 F.2d at 749*; *In re Reeves, 65 F.3d 670, 675 (8th Cir. 1995)*. So Eljer has it backwards--arguing for classification as a core proceeding on the basis of a criterion for classification as a noncore proceeding.

On that same token, in *In re Tarassi & Tighe, 82 B.R. 795* (Bankr. W.D. Pa. 1988) the bankruptcy court declined jurisdiction under ERISA to enforce an employer benefit plan stating that exclusive jurisdiction lies with the district court or with the state court with competent jurisdiction.

The issue on whether the Defined Benefit Pension Plan was effectively terminated – in compliance with the procedures marked by ERISA- does not invoke a substantive right provided by Title 11 nor could only arises in the context of a bankruptcy case. Debtor's argument at the state court was precisely that he wasn't the sole owner of the funds, therefore the plan was not terminated and thus, not subject to be garnished.

If the state court determines that the funds at the Charles Swab accounts belong to others than Mr. Lizardi and thus the plans were not effectively terminated, then the funds are not assets of the estate. But that first determination on who are the ones entitled to funds in the accounts is not a core proceeding. The issue on the qualification of the plans, within their particular status at the time of the filing of the petition, in order to comply with the exemptions provisions of the Bankruptcy Code is aside from this issue.

The appearing creditors understand that it is the discretion of the bankruptcy judge to decide on whether to continue the proceedings in this forum, but the facts in this case, the judicial economy and the preservation of the assets of the estate may incline the balance to avoid the re-litigation of the issues that are ready for a final determination on the state court of New York.

This bankruptcy court has already determined, on facts similar to this case, that "[t]he controversy as to the ownership of consigned funds is not core to the bankruptcy proceeding. Even where the action "will drastically affect both the debtor-creditor relationship and the assets of the estate" it cannot be deemed a bankruptcy proceeding if it arises prior to the Bankruptcy filing." *See In re: Federación de Maestros de Puerto Rico*, 2014 (Bankr. LEXIS 805 (Bankr. D.P.R. May 1, 2014) citing *In re Candelero Sand & Gravel, Inc*. 66 B.R. 903,906 (D.P.R 1986). In this case, the funds were not consigned but were frozen as per the order of the court, in accordance to the New York State laws.

The termination of a pension plan one year before the filing of the petition – and the effects of that termination- makes it a <u>non core</u> matter to the instant case. The controversy clearly does not satisfy the test for determining whether a suit is a core proceeding, arising under Title 11.

Finally, this Honorable Court discussed the <u>UNANUE FACTORS</u>, replicated in the case OF *C&A v. PR Solid Waste,* 369 B.R. 87, (D.P.R.2007) to determine that cause existed to modify the stay in the case of *In re Rivera Guzman 513 B.R. 202* (D.P.R. July 17, 2014). In the case of *Rivera Guzman*, *Id*. this Court relied on the existence of cause to modify the stay after some creditors' opposed to a joint request to allow the state court to finish the liquidation of a post marital community.

The pending controversy in the New York Court, the balance of the equities, the interest of judicial economy, and the expeditious and economical determination of litigation for the parties constitute cause for relief from the automatic stay to allow the movant- to continue with the litigation before the State Court in NY.

WHEREFORE, the movants respectfully request from this Honorable court to grant the request for modification of the automatic stay.

Respectfully submitted,

### NOTICE OF TIME TO RESPOND

Within fourteen (14) calendar days after service as certified below, or such other time as the court may order hereafter, the Debtor shall serve and file an objection or other appropriate response to this motion with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be deemed automatically granted, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interests of justice require otherwise.

### CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to **Carmen Conde Torres** counsel for the Debtor, the US Trustee and to all CM/ECF participants.
In San Juan, Puerto Rico, this 18th day of September, 2015.

**GOLDMAN ANTONETTI & CORDOVA, LLC.**
ATTORNEYS FOR CREDITORS,
Susan Skelly- Hand, Patrick Hand and Rachel Hand
American International Plaza, 14th Floor
250 Muñoz Rivera Avenue
San Juan, PR 00918
Tel: (787) 759-4213/Fax: (787) 474-2335

*/s/ Solymar Castillo Morales*
Solymar Castillo Morales
USDC-PR #218310
e-mail: scastillo@gaclaw.com