IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN THE MATTER OF:**<br><br>**JOSE LIZARDI**<br>     **Debtor** | Case No. 15-3076 (MIFF)<br>Chapter **11** |

### ANSWER TO DEBTOR'S OBJECTION TO CLAIM

TO THE HONORABLE COURT:

COMES NOW creditors Susan Skelly- Hand, Patrick Hand and Rachel Hand **(herein after The Hands)** represented by the undersigned attorney and respectfully set forth and prays as follows:

1. Debtor objected Proof of Claim No. 13 filed by the appearing creditors on the following grounds:

    a. The claim is fully unsecured since Debtor did not list any real property as property of the estate.

    b. The creditors failed to provide supporting documents to evidence the secured portion claimed in the amount of $200,000 thus failing to comply with FRBP 3001(d).

    c. The claim failed to provide an itemized statement to detail the amount of $162,791.78.

    d. Disputes the amount of $410,000 for future medicals by an allegation that Rachel Hand's claim was admitted to the New York Medical Fund.

2. Debtor proffers that the claim is unsecured since he did not include any real property in his schedules and that the residential property located at 660

May Road, Postdam, NY is part of the trust of the estate of his late wife Gina Lizardi, therefore is not part of the bankruptcy estate. However, no copy of the trust has been provided to truly evidence the content of the trust and that Debtor is not the sole beneficiary of the trust. Section 541(a)(1) requires Debtor to disclose all legal and equitable interest in property at the time as of the commencement of the case. Also, provisions regarding trusts indicates that if the trustee and beneficiary are the same person (and are the debtor in bankruptcy case), the legal protection of the trust are merged into the sole Trustee and beneficiary, making the Debtor the sole beneficial owner for the purpose of the Bankruptcy Code.

3. By the same token, Debtor listed as monthly expenses of the bankruptcy estate, and has incurred and paid with funds of the bankruptcy estate, the mortgage payments, real property taxes, insurance, and maintenance of the property in the amount of $6,423.36. *See* Amended Schedule J, Docket No. 43 at page 19, and Monthly Operating Reports at Dockets 39(page 3), 59(page 3), 65(page 3), 83(page 3). Debtor declared under oath at the 341 meeting that his brother leaves in the property without paying any rent, therefore depriving the trust from income to satisfy its own expenses and the bankruptcy estate covering them.

4. In addition, Debtor failed to disclose the real value of the trust and his equitable interest over the property in the trust. *See* Amended Schedule B at Docket No. 43.

5. Debtor understands that the proof of claim failed to include evidence of perfection of the security interest. Copy of the judgment entered by the State Court of New York, County of St. Lawrence was included as part of Proof of Claim

#13. *See* Proof of Claim at pages 4-6, and amended Proof of Claim #13-1. The mentioned copies of the judgment specifically provides several details that Debtor failed to address:

    a. The lower right corners in the first and the last page of the judgment identifies the registry of the judgment at the Sr. Lawrence County Clerk's office.

    b. Also, the proof of claim, in its first page indicates the basis for perfection of the lien: "Judgment lien as per NY CPRL 5203".

6. NY CPRL §5203 indicates:

> (a) Priority and lien on docketing judgment. No transfer of an interest of the judgment debtor in real property, against which property a money judgment may be enforced, **is effective against the judgment creditor either from the time of the docketing of the judgment with the clerk of the county in which the property is located until ten years after filing of the judgment-roll**, or from the time of the filing with such clerk of a notice of levy pursuant to an execution until the execution is returned, except: 1. a transfer or the payment of the proceeds of a judicial sale, which shall include an execution sale, in satisfaction either of a judgment previously so docketed or of a judgment where a notice of levy pursuant to an execution thereon was previously so filed; or 2. a transfer in satisfaction of a mortgage given to secure the payment of the purchase price of the judgment debtor's interest in the property; or 3. a transfer to a purchaser for value at a judicial sale, which shall include an execution sale; or 4. when the judgment was entered after the death of the judgment debtor; or 5. when the judgment debtor is the state, an officer, department, board or commission of the state, or a municipal corporation; or 6. when the judgment debtor is the personal representative of a decedent and the judgment was awarded in an action against him in his representative capacity. (b) Extension of lien. Upon motion of the judgment creditor, upon notice to the judgment debtor, served personally or by registered or certified mail, return receipt requested, to the last known address of the judgment debtor, the court may order that the lien of a money judgment upon real property

> be effective after the expiration of ten years from the filing of the judgment-roll, for a period no longer than the time during which the judgment creditor was stayed from enforcing the judgment, or the time necessary to complete advertisement and sale of real property in accordance with section 5236, pursuant to an execution delivered to a sheriff prior to the expiration of ten years from the filing of the judgment-roll. The order shall be effective from the time it is filed with the clerk of the county in which the property is located and an appropriate entry is made upon the docket of the judgment.

7. Therefore, the evidence of perfection of the lien, in accordance to the applicable non bankruptcy law was provided as part of the proof of claim. The judgment lien was perfected on November 19, 2012. Also, Debtor declared under penalty of perjury at the 341 meeting that the property at 660 May Road Postdam, New York was valued at $1,000,000 but he wasn't sure as to the value at the time of filing the petition. Also declared that the property owes around $250,000 from the mortgage loan to the bank. Even though Debtor did not disclosed the value of the trust and the value of the real property on the trust, a research reveals that the property appears listed by the brokers Nicky Coattes & Associates LLC for $539,000. *See* **Exhibit 1**.

8. Debtor also indicates that the claim failed to provide an itemized statement to detail the amount of $162,791.78. The amounts included in the proof of claim were itemized in page #3 of the proof of claim, in accordance to FRBP 3001. Also page five (5) of the judgment included as part of the claim specially indicates; "plaintiffs are entitled to statutory interest on this judgment of 9% from the date of the verdict, June 28, 2012 in the amount of One hundred Six Thousand Eight Hundred Fourteen and 74/100 ($106, 814.74) dollars through November 16, 2012

and continuing thereafter at the rate of seven hundred fifty and 84/100 ($750.84) dollars per diem until this Judgment is paid in full or otherwise satisfied, modified or vacated by Order of this court;..." The purpose of the proof of claim is to give notice to Debtor of the amounts owed, Debtor was fully aware of the content of the judgment since its inception, the amounts paid and the amounts still owed at the time of the filing of the petition. *See* Amended Proof of Claim 13-1.

9. Finally, Debtor disputes the amount of $410,000 for future medicals expenses asserting that Rachel Hand was admitted to the New York State Medical Indemnity Fund. Again, the judgment included as exhibit to the proof of claim and to the amended proof of claim, incorporates the process to comply with NY -CPRL § 4545 and indicates:

> "... Defendant is directed to make application to the Administrator of said Fund for those benefits forthwith and Plaintiffs are hereby directed to cooperate with that application process; <u>if the application to the New York State Medical Indemnity Fund is approved, Defendant shall make application to this court to have this Order and Judgment modified and the Order and Judgment shall be reduced with regard to the future medical expenses</u>,..." (Emphasis added)

10. No evidence or guaranty of the coverage of the medical claims by the New York Medical Indemnity Fund has been provided besides the admission to the fund. In fact, Debtor's Exhibit 2 to the objection to claim specifically reminds him of the need to comply with the request that the Order and Judgment be modified by the State court who issued the order. Therefore, since Debtor has not complied with the second part of the Order and Judgment issued by the State Court of New York and the process under NY-CPRl § 4545, in relation to the admittance of Rachel Hand to

the New York Medical Indemnity Fund, he is not entitled to reduce the amounts owed to creditors until such process is completed.

WHEREFORE, the appearing creditors respectfully request from this Honorable Court to deny debtor's objection to claim in its entirety.

### CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to **Carmen Conde Torres** counsel for the Debtor, the US Trustee and to all CM/ECF participants.

In San Juan, Puerto Rico, this October 9, 2015.

                                        **GOLDMAN ANTONETTI & CORDOVA, LLC.**
ATTORNEYS FOR CREDITOR,
**Susan Skelly- Hand, Patrick Hand and Rachel Hand**
American International Plaza, 14th Floor
250 Muñoz Rivera Avenue
San Juan, PR 00918
Tel: (787) 759-4213
Fax: (787) 474-2335

*/s/ Solymar Castillo Morales*
Solymar Castillo Morales
USDC-PR #218310
e-mail: scastillo@gaclaw.com