IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>JOSE L. LIZARDI ORTIZ<br><br>DEBTOR IN POSSESSION | CASE NO.: 15-03076 (ESL)<br><br>CHAPTER 11 |

MOTION TO QUASH REQUEST FOR SUBPOENA TO THIRD PARTY
FILED BY THE HANDS

**TO THE HONORABLE COURT:**

**COMES NOW**, Jose L. Lizardi Ortiz (hereinafter, the "Debtor"), through the undersigned attorney and very respectfully **STATES** and **PRAYS**:

1. On October 9th, 2015, Susan Skelly Hand, Patrick Hand and Rachel Hand (hereinafter the "Hands") filed a Notice of Subpoena to Charles Schwab & Co., Inc. pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure (the "Subpoena"), requesting discovery for the years 2012 to 2015. *See* Docket No. 90.

2. The Hands are the same people who requested the modification of Debtor's automatic stay alleging that all discovery proceedings at the New York State Court had been concluded and that they were ready for trial.

3. The Subpoena filed, was served on Mr. Micahel Schaefer, as Manager of the Corporate Legal Group of Charles Schwab & Co., Inc. to appear at the hearing scheduled for October 27th, 2015, and to produce the information related to all withdrawals made between the years of 2012 through 2015 from any and all accounts under Dr. Jose Lizardi and his deceased wife Gina Lizardi.

4. Again, the request to subpoena Mr. Schaefer to inquire the same information upon which discovery was made by the Hands themselves, is unnecessary and duplicative.

5. The Debtor herein requests that the subpoena served on Mr. Micahel Schaerfer be denied and quashed pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, made applicable to this bankruptcy proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure.

6. After Judgment was entered against the Debtor by the New York State Court and before the filing of the instant bankruptcy petition, the Hands have tirelessly continued to pursue post-judgment litigation against the Debtor in order to collect the remaining amount of their claim from Debtor's retirement funds.

7. As a result of the Hands' oppressive efforts to garnish Debtor's retirement funds, the NY State Court issued an order on May 1, 2014 which:

    - Permitted the Hands to *pursue discovery* over any and all deposits made by the Debtor; and

    - Directed Charles Schwab & Co., Inc. to provide *immediate notice* to counsel for the Hands, of any and all amounts withdrawn from the retirement accounts and where these withdrawals were being sent or deposited.

    *See* Docket No. 84, Exhibit No. 17 of Motion to Dismiss.

8. As a result of the Order, ample and continuous discovery was made by the Hands and so they confirm at their "Motion to Request Modification of the Automatic Stay filed by the Hands". *See* Docket No. 13 at Page 3, Paragraph No. 7.

9. To allow the subpoena served over a representative of Charles Schwab, over the same issues previously litigated and adjudicated, would only amount to unnecessary costs, expenses, and fees to the Debtor.

10. Most importantly, as stated in "Debtor's Opposition to the Motion to Dismiss", ("Debtor's Opposition"), the Hands are precluded by the collateral estoppel doctrine, from re-litigating the same issues that have been already litigated before other forums. *See* Docket No. 95, Pages 14 to 17, Debtor's Opposition to the Motion to Dismiss filed by the Hands. This issues is currently before this Honorable Court.

11. Pursuant to the caselaw cited at Debtor's Opposition, the Hands' Motion to Dismiss fail to establish by preponderance of evidence that cause exists to dismiss Debtor's bankruptcy petition under 11 USC §1112[1]. Therefore, the Motion to Dismiss filed by the Hands should be *summarily dismissed*.

12. Finally, the subpoena served to Charles Schwab is in effect a reflection of the Hands' continuous harassment to the Debtor, which has been ongoing since the year 2012. This predatory litigation has forced the Debtor, not only to close his medical practice by to file for bankruptcy twice. This kind of litigation should not be allowed.

**WHEREFORE**, it is respectfully requested that this Honorable Court grants Debtor's request to quash the request for subpoena issued by the Hands at Docket No. 90.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of October, 2015.

### NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served

---

[1] "Debtor's Opposition to the Motion to Dismiss filed by the Hands" shall be considered herein as if literarily transcribed. (Docket No. 95)

3

by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF System, which will send notification of such filing to the parties therein registered to received notice, which are detailed below, including the US Trustee.

**I FURTHER CERTIFY** also certify that on this same date, a copy of this motion was sent via First Class Mail to Gregory Mills, Esq. to its address on record: The Mills Firm, LLP. 1520 Crescent Road, Suite 100, Clifton Park, NY 12065-7809.

SOLYMAR CASTILLO MORALES    scastillo@gaclaw.com, jrosado@gaclaw.com
CARMEN D CONDE TORRES    notices@condelaw.com
MONSITA LECAROZ ARRIBAS    ustpregion21.hr.ecf@usdoj.gov
US TRUSTEE    ustpregion21.hr.ecf@usdoj.gov
LUISA S VALLE CASTRO    notices@condelaw.com, ls.valle@condelaw.com

        **C. CONDE & ASSOC.**
        Attorney for Debtor
        San Jose Street #254, 5th Floor
        San Juan, PR 00901-1253
        Tel: (787) 729-2900
        Fax: (787) 729-2203
        *S/Carmen D. Conde Torres*
        Carmen D. Conde Torres
        E-mail: condecarmen@condelaw.com
        USDC No.: 207312