IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                          CASE NO. 15-03076 (ESL)

JOSE L. LIZARDI ORTIZ                           CHAPTER 11

          Debtor

OPINION AND ORDER

This case is before the court upon the *Objection to claim of exemption* (Docket No. 63) filed by creditors Susan Skelly-Hand, Patrick Hand and Rachel Hand (hereinafter referred to collectively as the "Hands") and the *Amended Response* thereto filed by the Debtor (Docket No. 69). Also before the court is *Debtor's Motion in Compliance with the Court's Order Regarding the Qualification of Debtor's Pension Plans Under Section 522(d)(12) of the Bankruptcy Code* (Docket No. 124), the Hands' *Opposition* thereto (Docket No. 137), the Hands' *Motion in Compliance with Order as to the Objection to Debtor's Claimed Exemption over the Funds Held at Charles Schwab Accounts* (Docket No. 145) and the Debtor's *Memorandum of Law in Reply to the Hand's Motion in Compliance with Order as to their Objection to Debtor's Claimed Exemption over the Retirement Funds Held at Charles Schwab Accounts* (Docket No. 149). The Hands argue that the Debtor is not entitled to claim the funds in controversy as exempt pursuant to Section 522(d)(12) of the Bankruptcy Code because the Debtor's retirement plans were cancelled effective December 31, 2013, and thus at the time of the filing the funds that remained in the Charles Schwab account had lost their qualified status under the applicable Internal Revenue Code sections. The Debtor sustains that the retirement funds are exempt pursuant to Section 522(d)(12) of the Bankruptcy Code since the funds are in a fund or account that is exempt from taxation under Section 401 of the Internal Revenue Code. In addition, the Debtor sustains that since the retirement funds are in retirement plans that have a received a favorable determination from the Internal Revenue Service (hereinafter referred to as the "IRS") those funds are presumed to be exempt pursuant to Section 522(b)(4)(A) of the Bankruptcy

-1-

Code and that the Hands have failed to provide any evidence that the retirement plans are not in substantial compliance with the Internal Revenue Code.

For the reasons stated below, the Hands' *Objection to claim of exemption* (Docket No. 63) is hereby denied.

Procedural Background

The Debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on April 28, 2015 (Docket No. 1). In *Schedule C- Property Claimed as Exempt*, the Debtor claimed as exempt $1,500,000.00 held in a Charles Schwab & Co. Trust Company account pursuant to Section 522(d)(12) of the Bankruptcy Code (Docket No. 1, p.17). On June 26, 2015, the Debtor filed an *Amended Schedule C* revising the amount of funds claimed as exempt claiming $1,501,754.70 as exempt pursuant to Section 522(d)(12) of the Bankruptcy Code, plus an additional $2,422.22 held in another Charles Schwab & Co. Trust Company account pursuant to Section 522(d)(12) of the Bankruptcy Code attributable to a 401-(k) Plan. (Docket No. 43, p.13).

On August 14, 2015, the Hands filed an *Objection to claim of exemption* (Docket No. 63) arguing that the funds in questions are the remains of a cancelled 401-(k) plan which are the object of a pending action before a New York State Court which was stayed by the filing of the instant bankruptcy petition. Moreover, the Hands declared that pending before the court is the Hands' request to modify the automatic stay to allow the New York State Court to determine whether the funds in controversy are protected under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Accordingly, the Hands requested that the exemption claimed by the Debtor be held in abeyance pending a final determination by the New York State Court[1]. In addition, the Hands argued that the Debtor has not proven that the funds were in a

---

[1]On May 13, 2015, the Hands filed a *Motion to Request Modification of the Automatic Stay* (Docket No. 13). On May 27, 2015, the Debtor filed his amended opposition thereto (Docket No. 20). After several procedural events (See Docket Nos. 28, 29, 36, 51, 52, 55), on September 3, 2015, the court held a hearing on the Hands' request to modify the stay (Dockets Nos. 74 (*Audio File*) and 91 (*Minute Entry*)). Thereafter, on September 18, 2015, the Hands filed a *Motion in Compliance with Order* restating their arguments in support of the request to modify the stay (Docket No. 81). On October 2, 2015, the Debtor filed his memorandum of law in opposition to the request to modify the automatic stay (Docket No. 86). During a hearing held on May 31, 2016, the court denied the Hands'

retirement plan that received a favorable determination or that no prior determination to the contrary has been made by a court or the IRS and that the retirement fund is in substantial compliance with the Internal Revenue Code pursuant to the provisions of Section 522(b)(4)(A) and (b)(4)(B) of the Bankruptcy Code. Finally, the Hands sustain that Section 522(n) imposes a cap of $1,245,475.00 on the value that an individual debtor may claim as exempt pursuant to Section 522(d)(12).

On August 27, 2015, the Debtor filed a *Motion Submitting Debtor's Amended Response to the Hands' Objection to Claim of Exemption* (Docket No. 69) arguing that: (i) the action pending before the New York State Court is stayed pursuant to Section 362 of the Bankruptcy Code; (ii) Section 522(d)(12) does not require that the funds claimed as exempt by the Debtor be held in a retirement plans subject to ERISA; (iii) the funds in question are funds set aside for the day the Debtor stopped working; (iv) that the retirement plans in controversy received a favorable determination from the IRS stating that the form of both plans was acceptable under Section 401 of the Internal Revenue Code and that as of this date the determination is still in effect and thus the funds shall be presumed to be exempt pursuant to 522(b)(4); (v) that the funds are also protected by ERISA since the third party administrator has determined that other participants are still entitled to distribution; and (vi) the retirement funds are not subject to the cap imposed by Section 522(n) of the Bankruptcy Code since that provision only applies to individual retirement accounts and not to pension plans.

Subsequently, during a hearing held on September 3, 2015[2], the court ordered the Debtor to file a motion and legal memorandum in further support of the claimed exemption within forty-five (45) days and the Hands were granted twenty-one (21) days to reply (Docket No. 91). On October 14, 2015, the Debtor requested a thirty (30) day extension to file the legal

---

request to modify the automatic stay as the pending issues are core matters under Section 157(b)(12). (Dockets Nos. 174 (*Audio File*) and 181 (*Minute Entry*).

[2] On July 1, 2015, this case was reassigned to this court after the Honorable Mildred Cabán Flores disqualified herself from the case. See Docket Nos. 27 and 51.

-3-

memorandum (Docket No. 96) and the same was granted on October 16, 2015 (Docket No. 103).

On November 16, 2015, the Debtor filed *Debtor's Motion in Compliance with the Court's Order Regarding the Qualification of Debtor's Pension Plans Under Section 522(d)(12) of the Bankruptcy Code* (Docket No. 124). The Debtor summarized the sequence of events related to the establishment of the Defined Benefits Plan and the 401-(k) Plan. In addition, the Debtor sustained that both plans have received a favorable determination letter from the IRS and that such determination letters are issued once every six to seven years. Accordingly, the Debtor argues that both determination letters were in effect as of the date of the filing of the Debtor's bankruptcy petition[3]. Moreover, the Debtor argues that as of the petition date both plans have remained in compliance with the requirements of Section 401(a) of the Internal Revenue Code. The Debtor also sustains that even though resolutions to terminate both plans were signed by the Debtor on December 2013 that the plans continue to be tax exempt until all plan assets are distributed. Finally, the Debtor sustains that there are still funds to be distributed to beneficiaries or plan participants as evidenced by the sworn statements issued by Don Scott, the third-party plan administrator[4]. Accordingly, the Debtor argues that the funds in the retirement plans are presumed to be exempt pursuant to Section 522(b)(4)(A) since they have received a favorable determination under Section 7805 of the Internal Revenue Code and that determination is still in effect. Moreover, the Debtor sustains that that as of this date no unfavorable determination has ever been made by a court or the IRS and that pursuant to the Debtor's best information and belief the retirement plans are in compliance with the provisions of the Internal Revenue Code.

Thereafter, on December 7, 2015, the Hands filed a *Response in Opposition to Debtor's motion in compliance with order regarding claimed exemption* (Docket No. 137) arguing that:

---

[3]According to the Debtor, the Defined Benefits Plan received a favorable determination letter from the IRS on March, 31, 2010. See Exhibit G of Docket No. 149. In addition, the 401-(k) Plan received favorable determination letters from the IRS on March 31, 2008 and March 31, 2014. See Exhibit H and Exhibit I of Docket No. 149

[4] See Exhibit 22 of Docket No. 124, Sworn Statement issued by Don Scott on January 7, 2015, and Exhibit 23 of Docket No. 124, Sworn Statement issued by Don Scott on November 12, 2015.

(i) the Debtor's retirement plans were cancelled as of December 31, 2013, thus at the time of the filing of the petition the funds no longer qualified as retirement funds; (ii) the amounts belonging to the Debtor's employees were distributed in lump sum payments and that the only funds that remain are those frozen by the New York State Court; and (iii) the Debtor took all the steps necessary to distribute the remaining funds within a reasonable time frame in accordance with the IRS' Regulations and that distributions in accordance with the resolutions to terminate the plans were complete. Moreover, relying on Daniels v. Agin, 736 F.3d 70 (1st Cir. 2013), the Hands sustain that the Debtor has failed to explain the reduction in the value of the retirement plans reflected in the 2013 tax returns prior to the termination of the plans. (Docket No. 124 at p. 90). The Hands also sustain that the IRS determination letters submitted by the Debtor in Docket No. 124 "are not enough to comply with the standard of qualification under Section 522" pursuant to Daniels v. Agin. (Docket No. 137 pp. 3-4). In the alternative, the Hands also argue that even if the funds are exempted, distributions from the retirement funds are not pursuant to Section 522(b)(4)(D).Therefore, "any distribution received by the Debtor has to be accounted as part of the bankruptcy estate available for the payment to the creditors." (Docket No. 137, p. 5, ¶17). Finally, the Hands argue that "the supporting documents provided by Debtor are not enough to substantiate his claimed exemption… in light of the determination in the case of Daniels v. Agin, 736 F.3d 70 (1st Cir. 2013)." (Id. at p. 6, ¶18).

During a hearing held on December 8, 2015 (related to other matters), the court granted the Hands (21) twenty-one days to file a "self-contained amended objection to the exemption over the retirement funds." The Debtor was granted twenty-one (21) days to reply. (Docket No. 138 *Audio File*, Docket No. 139 *Minute Entry*).

On December 29, 2015, the Hands filed their *Motion in Compliance with Order as to the Objection Debtor's Claimed Exemption over the Funds Held at Charles Schwab Accounts* (Docket No. 145). The Hands essentially restate their previous arguments once again sustaining that: (i) the funds in question are the remains of a cancelled 401-(k) plan and a cancelled Defined Benefits Contribution Pension Plan; (ii) the issue regarding the classification of the

funds was pending before the New York State Court at the time of the filing of the bankruptcy petition; (iii) the Debtor's retirement plans were cancelled effective December 31, 2013; and (iv) pursuant to the IRS' regulations the plan was terminated since "[i]t is an uncontroverted fact that Debtor closed his medical practice, discharged all of his employees and distributed all his employee's benefits from the retirement plans effective December 31, 2014- within the year prescribe [*sic*] by the Internal Revenue Service." (Docket No. 145, p. 5, ¶19). Moreover, the Hands argue that: (v) the plans are no longer protected under ERISA because the anti-alienation clause contained in the plans was no longer in effect when the bankruptcy petition was filed because the plans were already cancelled; (vi) the "Debtor also fails to notify the court, and is not included on Don Scott's affidavit that, in effect, the amounts belonging to his employees were distributed in lump sum payments in December 2014"; (vii) the Debtor fails to explain the reduction in the value of the retirement plans as reflected in the 2013 tax returns; (viii) the evidence presented by the Debtor shows a substantial amount of disbursed benefits before the retirement plans were terminated and during a time when there were only five employees working in the office; (ix) the letters by the IRS are not enough to comply with Section 522(d)(12)'s requirements pursuant to Daniels v. Agin, 736 F.3d 70 (1st Cir. 2013); and (x) distributions from retirement funds are not exempted.

On January 19, 2016, the Debtor filed *a Memorandum of Law in Reply to the Hands' Motion in Compliance with Order as to their Objection to Debtor's Claimed Exemption Over the Retirement Funds Held at Charles Schwab Accounts* (the "*Reply Memorandum*")(Docket No. 149). In his *Reply Memorandum* the Debtor alleges that "[t]he Hands have failed to submit any evidence which disputes the Debtor's position" and that "[t]he Hands have therefore failed to carry their burden of proof in order to rebut the presumption of validity of the Debtor's claimed exemptions." (Docket No. 149, p. 2). In addition, the Debtor argues that: (i) although the Hands continue to make reference to ERISA as the basis for Section 522(d)(12)'s exemption, "BAPCPA exempts from the bankruptcy estate the "retirement funds" that satisfy the applicable requirements of the US-IRC, not the ERISA anti-alienation clause as alleged by

the Hands…"; (ii) the retirement funds are presumed to be exempt pursuant to Section 522(b)(4)(A) because the Defined Benefit Plan and the 401-(k) Plan have received a favorable determinations from the IRS under Section 7805 of the Internal Revenue Code; and (iii) the facts in the instant case are distinguishable from those in Daniels v. Agin in part because the Hands have not produced any evidence that the retirement plans violated any tax laws. In addition, the Debtor sustains that the Defined Benefits Plan and the 401-(k) have always been in substantial compliance with the Internal Revenue Code and that the Debtor relied on the services of professionals to manage the retirement plans. The Debtor also argues that pursuant to IRS Revenue Ruling 69-157 the plans were not terminated because as evidenced by the declarations of the Third Party Administrator there are still funds to be distributed to beneficiaries or plans participants. See Exhibit M of Docket No. 149. Moreover, the Debtor sustains that "until all distributions are made, the Plans will remain in compliance under 26 U.S.C. §401(a) of the US-IRC, and therefore exempted under 26 U.S.C. §501(a)." (Docket 149, p. 12). The Debtor also argues that since the filing of the bankruptcy petition he has not received any distributions except for those "approved by the Bankruptcy Court for administrative expenses and other personal administrative expenses fully disclosed in the Monthly Operating Reports." (Id. at p. 13). Finally, the Debtor, citing In re Gilbraith, 523 B.R. 198 (Bankr. D. Ariz. 2014), sustains that the funds are presumed exempt pursuant to Section 522(b)(4)(A) because he has provided evidence that the retirement plans received favorable determinations from the IRS and declares that they have never been disqualified by the IRS. Moreover, the Debtor argues that pursuant to FRBP 4003(c) and Section 522(b)(4)(A) the Hands have the burden of production and persuasion and "must produce evidence to rebut the presumptively valid exemption." (Id. at p. 18). Accordingly, the Debtor sustains that the Hands have failed to carry their burden and have failed "to include a scintilla of evidence which rebuts the evidence submitted by the Debtor at Docket 124 of the favorable determination already received by the IRS and the compliance as of the filing date of all US-IRC requirements." (Id. at p. 19).

On May 31, 2016, during a hearing on approval of the Debtor's *Amended Disclosure Statement* (Docket No. 155) the court heard further argument from the parties related to the Debtor's claimed exemption and the matter was taken under advisement[5]. (Dockets Nos. 174 (*Audio File*) and 181 (*Minute Entry*).

Issues

The first issue this before the court is whether the funds in the Debtor's Defined Benefits Plan and 401-(k) Plan (the "retirement plans") are "retirement funds". If the court finds that the funds are "retirement funds", then the court must examine whether: (i) the retirement plans have received a "favorable determination" under section 7805 of the Internal Revenue Code and (ii) whether that determination was still in effect as of the date of the filing of the petition in order to determine whether the presumption contained in Section 522(b)(4)(A) applies in the instant case. If the presumption established in Section 522(b)(4)(A) applies, then the court must determine whether the Hands have rebutted the presumption. However, if the court finds that the retirement funds have not received a favorable determination, then the court must examine whether the Debtor has demonstrated that the funds are exempt pursuant to Section 522(b)(4)(B).

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B).

---

[5] On the same date after the conclusion of the hearing, the Hands filed a motion submitting additional documents (Docket No. 173). On June 8, 2016, the Debtor filed a *Motion to Strike Hands' Motion to Submit New Evidence at Docket No. 173* (the "*Motion to Strike New Evidence*")(Docket No. 175). Thereafter, on June 21, 2016, the court entered an *Order* granting the *Motion to Strike New Evidence* (Docket No. 192). On that same date, the Hands filed a *Motion for Reconsideration of Order to Strike Sworn Statements from the Record* (Docket No. 196. On June 27, 2016, the Debtor filed *Debtor's Objection to the Hands' Motion Requesting Reconsideration* (Docket No. 201). On June 28, 2016, the court entered an *Order* denying the Hands' *Motion for Reconsideration of Order to Strike Sworn Statements from the Record* for the reasons stated in Docket No. 201 (Docket No. 202).

<u>Applicable Law and Analysis</u>

*(A) Property of the Bankruptcy Estate and Exemptions in General*

When a debtor files a bankruptcy petition, all of his or her assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt under 11 U.S.C. § 522. <u>See</u> <u>Taylor v. Freeland & Kronz</u>, 503 U.S. 638, 642 (1992). Section 522(b) provides in pertinent part that, "[n]otwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection." 11 U.S.C. §522(b). Thus, the debtor must claim the exemption for the same to be effective, if not the property will be property of the bankruptcy estate.

*(B) Burden of Proof Pursuant to FRBP 4003(c)*

Property becomes exempt by operation of law when no objections are filed. <u>See</u> 11 U.S.C. § 522(l). However, if a timely objection is filed, Fed. R. Bank. P. 4003(c) establishes that "[i]n any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed." Fed. R. Bankr. P. 4003. Accordingly, "[u]nder the current rule, if the objecting party fails to produce evidence in support of the objection, any factual issue must be resolved in favor of the debtor." Alan N. Resnick & Henry J. Sommer, 9 <u>Collier on Bankruptcy</u> ¶4003.04(16th ed. 2015); <u>In re McNeilly</u>, 249 B.R. 576, 579 (B.A.P. 1st Cir. 2000)("As the objecting party, it was the trustee's burden to prove McNeilly was not entitled to exempt the account at issue.").

In addition, exemptions should be liberally construed in furtherance of the debtor's right to a "fresh start". <u>In re Gutierrez Hernández</u>, 2012 Bankr. LEXIS 2735 at *5, 2012 WL 2202931 at *2; <u>In re Newton</u>, 2002 Bankr. LEXIS 2089 at *7, 2002 WL 34694092 at *3 (B.A.P. 1st Cir. 2002); <u>Christo v. Yellin (In re Christo)</u>, 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999).

*(C) Debtor's Claimed Exemption in the Retirement Plans Pursuant to Section 522(d)(12)*

Section 522(d)(12) provides that a debtor may claim as exempt "[r]etirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section

401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." 11 U.S.C. § 522(d)(12)[6]. "Congress intended with this section and other provisions in the 2005 Act to expand the protection of certain tax-exempt retirement plans that might otherwise not be protected as property excluded from the debtor's estate under Section 541(c)(2)." Alan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy ¶522.09[12](16th ed. 2015). "Thus the bankruptcy exemption is tied to tax exemptions." William L. Norton Jr., 3 Norton Bankr. L. & Prac. 3d § 56:23 (2016).

Accordingly, to qualify for the exemption "(1) the amount the debtor seeks to exempt must be retirement funds; and (2) the retirement funds must be in an account that is exempt from taxation under one of the provisions of the Internal Revenue Code set forth therein." In re Nessa, 426 B.R. 312, 314 (B.A.P. 8th Cir. 2010). Therefore, this court must first determine whether the funds in controversy are "retirement funds".

Although the term "retirement funds" is not defined in the Bankruptcy Code, the Supreme Court of the United States has stated that "Section 522(b)(3)(C)'s reference to "retirement funds" is therefore properly understood to mean sums of money set aside for the day an individual stops working." Clark v. Rameker, 134 S. Ct. 2242, 2246, 189 L. Ed. 2d 157 (2014). The Debtor sustains that the funds held in the Charles Schwab accounts are "retirement funds" set aside for the day he stopped working. The arguments presented by the Hands truly relate to the second requirement contained in Section (d)(12) --whether the funds are in a qualified account exempt from taxation-- not whether the funds were or were not set aside by the Debtor for the day he stopped working. Thus, the court finds that the funds in controversy are retirement funds set aside by the Debtor for the day he stopped working. Accordingly, the court must proceed to determine whether the funds are held in tax exempt accounts.

---

[6] Section 522(b)(3)(C) includes identical language allowing debtors in states that have opted out of the federal exemptions scheme to also claim as exempt "retirement funds".

-10-

*(D) Presumption under Section 522(b)(4)(A)* and *Section 522(b)(4)(B)*

As previously discussed, a debtor may exempt retirement funds "to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." 11 U.S.C. § 522(d)(12). "These sections of the Internal Revenue Code deal with pension, profit sharing and stock bonus plans; employee annuities; individual retirement accounts ("IRAs"); deferred compensation plans of state, local government and tax- exempt organizations; and certain trusts." Alan N. Resnick & Henry J. Sommer, 4 <u>Collier on Bankruptcy</u> ¶522.09[12](16th ed. 2015).

Moreover, Section 522(d)(12) must be read in conjunction with Section 522(b)(4)(A). Specifically with respect to Section 522(d)(12), Section 522(b)(4)(A) provides:

> **(A)** If the retirement funds are in a retirement fund that has received a favorable determination under section 7805[7] of the Internal Revenue Code of 1986, and that determination is in effect as of the date of the filing of the petition in a case under this title, those funds <u>shall be presumed</u> to be exempt from the estate. 11 U.S.C. § 522. (emphasis added).

Thus, "[t]he statute goes on to create a presumption of valid exemption if the retirement fund has received a favorable determination under § 7805 of the I.R.C. and that determination is in effect as of the bankruptcy petition's filing." <u>In re Bennett</u>, 2013 WL 4716180, at *8 (Bankr. D. Or. Sept. 3, 2013). The presumption is rebuttable. <u>See</u> <u>In re Daley</u>, 717 F.3d 506, 510 (6th Cir. 2013)("In the final analysis, Mostoller has not rebutted the statutory presumption that Daley's retirement account is exempt from bankruptcy."); <u>In re Willis</u>, 2009 WL 2424548, at *6 (Bankr. S.D. Fla. Aug. 6, 2009) ("However, based upon the plain language of the statute, the Court finds that the presumption is subject to rebuttal.").

However, even if the retirement funds are not in a retirement fund that have received a favorable determination, they may still be exempt if the debtor demonstrates (i) that no prior determination to the contrary has been made by a court or the Internal Revenue Service and (ii) that the retirement fund is in substantial compliance with the applicable requirements of the

---

[7] "Section 7805 of the Tax Code, to which section 522(b) refers, generally authorizes the Secretary of the Treasury to enact regulations." <u>Daniels v. Agin</u>, 736 F.3d 70 at 80.

Internal Revenue Code of 1986 or that the debtor is not materially responsible for the retirement funds failure to be in substantial compliance. 11 U.S.C. §522(b)(4)(B).

In the instant case, the Debtor sustains that the Defined Benefits Plan and the 401-(k) Plan have both received favorable determination letters from the IRS and that those determinations were in effect as of the petition date. (See Exhibit G of Docket No. 149, Letter issued by the IRS on March 31, 2010 as to the Defined Benefits Plan; Exhibit H of Docket No. 149, Letter issued by the IRS on March 31, 2008 as to the 401-(k) Plan; Exhibit I of Docket No. 149 Letter issued by the IRS on March 31, 2014 as to the 401-(k) Plan). Thus, the funds held in the Debtor's retirement plans are presumed to be exempted from the Debtor's estate pursuant to Section 522(b)(4)(A). The three letters contain similar language stating:

> "In our opinion, the form of the plan identified above is acceptable under Section 401 of the Internal Revenue Code for use by employers for the benefit of their employees. This opinion relates only to the acceptability of the form of the plan under the Internal Revenue Code. It is not an opinion of the effect of the other Federal or local statutes."

The Hands argue that pursuant to the First Circuit Court of Appeal's decision in Daniels v. Agin, 736 F.3d 70 (1st Cir. 2013), the IRS letters are not "enough to comply with the standard of qualification under section 522." (Docket No. 145, p.7, ¶25).

There is limited case law discussing what qualifies as a "favorable determination" from the IRS for purposes of Section 522(b)(4)(A)'s presumption. Some courts have determined that a letter from the IRS as to the acceptability of the "form" of the plan is sufficient for the presumption to arise if the adopting employer could rely on it pursuant to the applicable IRS Revenue Procedures. See, In re Pomeroy, 2016 WL 3564378, at *11 (Bankr. E.D. Cal. June 21, 2016); In re Gilbraith, 523 B.R. 198, 208 (Bankr. D. Ariz. 2014). Nevertheless, other courts, have determined that such a letter is not sufficient for Section 522(b)(4)(A)'s presumption to arise. See, In re Rogers, 538 B.R. 158, 173 (Bankr. N.D. Ga. 2015); In re Bauman, 2014 WL 816407, at *14 (Bankr. N.D. Ill. Mar. 4, 2014); In re Daniels, 452 B.R. 335, 348 (Bankr. D. Mass. 2011), aff'd, 736 F.3d 70 (1st Cir. 2013). However, this court need not determine whether

or not a letter as to the form of a plan is per se sufficient for Section 522(b)(4)(A)'s presumption to arise in the instant case as it finds that the Debtor has demonstrated that the funds are exempt pursuant to Section 522(b)(4)(B). Assuming that a favorable determination letter triggers a rebuttable presumption of sufficiency under Section 522(b)(4)(A), the Hands have not presented evidence to rebut the same.

Retirement funds may still be exempt even if they are held in funds that have not received a favorable determination from the IRS if the Debtor shows that: (i) no prior determination to the contrary has been made by a court or the Internal Revenue Service and (ii) that the retirement fund is in substantial compliance with the applicable requirements of the Internal Revenue Code of 1986 or that the debtor is not materially responsible for the retirement funds failure to be in substantial compliance. 11 U.S.C. §522(b)(4)(B). As to the first requirement, in the sworn statement from Don Scott, the third party administrator, he declares that "the Plans have always been in compliance with the requirements of Section 401(a) of the Internal Revenue Code of 1986, as amended ("US-IRC"), and therefore exempted pursuant to the provisions of Section 501(a) of the US-IRC." See, Exhibit 23 of Docket No. 124 and Exhibit M of Docket No. 149. Moreover, he also declares that "[n]o communication to the contrary has been received from the Internal Revenue Service." Id. In addition, in the Decision and Order issued by the Supreme Court of New York on May, 2014, the court states: "The Defendant's Charles Schwab accounts consisting of a 401-k plan and a defined benefit plan are indisputably qualified under ERISA. Both contain the required anti-alienation language and have been found by the Internal Revenue Service to be "qualified" under Internal Revenue Code §401." (Docket No. 124, Exhibit 21, p. 3). The Hands did not present evidence to contradict the same. Accordingly, this court finds that no prior determination to the contrary has been made by a court or the Internal Revenue Service.

Moreover, the Debtor has also submitted evidence (in addition to the sworn statement from Don Scott) to demonstrate that the funds have been in substantial compliance with the Internal Revenue Code of 1986, as amended. The evidence includes: the determination letters

from the IRS, several Forms 5500 for both the Defined Benefits Plan and the 401-(k) Plan for the years 2013 and 2014, and Annual Reports prepared by the Third Party Administrator for the years 2013 and 2014[8].

In addition, the court notes that while the Hands have presented several allegations as to the non-compliance of the plans, they have failed to present any evidence demonstrating the alleged non-compliance. The Hands have also failed to identify what provisions of the Internal Revenue Code, if any, were violated[9]. Thus, the Hands have failed to present any evidence as to the retirement plans alleged non-compliance. Accordingly, the court finds that the Debtor has met his burden to show that the Defined Benefits Plan and the 401-(k) Plan are in substantial compliance with the Internal Revenue Code of 1986, as amended. Thus the retirement funds belonging to the Debtor held in the Defined Benefits Plan and 401-(k) Plan are exempt pursuant to Section 522(d)(12) as the Debtor has complied with Section 522(b)(4)(B) and the Hands have failed to present any evidence as to the retirement plans alleged non-compliance.

However, the court notes that during the hearing held on May, 31, 2016, the Debtor's attorney represented that only approximately ninety-five percent (95%) of the funds held in the Defined Benefits Plan belong to the Debtor and that the remaining five percent (5%) belong to his former employees. (Dockets Nos. 174 (*Audio File*) and 181 (*Minute Entry*). Only the funds belonging to the Debtor are property of the estate and thus exempt. The court orders the Debtor to amend *Schedule C* to specify and reflect the amount of the funds held in the Defined Benefits Plan that belong to him and are thus exempt.

---

[8] See Exhibits G, H, I, J, K, and L of Docket No. 149.

[9] The Hands have also argued that the funds are held in retirement plans that were "cancelled" as of the petition date. The Hands sustain that the "Debtor's retirement plans were cancelled effective December 31, 2013. Therefore, at the time of the filing of the petition the funds were no longer on retirement accounts per se." (Docket No. 145, p.4, ¶17). Thus, the Hands argue that "the funds that remain in the Charles Schwab account were no longer on a qualified retirement fund." (Docket No. 145, p. 5, ¶18). The Debtor does not dispute that he signed Resolutions to terminate both plans effective December 31, 2013. (Exhibit F and Exhibit G of Docket No. 149). Nevertheless, he argues and this court agrees that pursuant to the Internal Revenue Service's Revenue Rulings a plan is an ongoing plan until all assets are distrusted. See, Rev. Rul. 89-87, 1989-2 C.B. 81 (1989) ("A plan under which all assets are not distributed as soon as administratively feasible is an ongoing plan and must meet the requirements of section 401(a) of the Code, in order to continue its qualified status"); Rev. Rul. 69-157, 1969-1 C.B. 115 (1969).

-14-

Conclusion

In light of the above, this court finds that the retirement funds belonging to the Debtor held in the Defined Benefits Plan and the 401-(k) Plan are exempt pursuant to Section 522(d)(12) as the Debtor has complied with Section 522(b)(4)(B) and the Hands have failed to present any evidence as to the retirement plans alleged non-compliance.

For the reasons stated herein, the Hands' *Objection to claim of exemption* (Docket No. 63) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 26th day of September, 2016.

Enrique S. Lamoutte
United States Bankruptcy Judge